**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

     **Plaintiff,**

         **v.**

CARLOS CAMACHO-SANTIAGO [14],

     **Defendant.**

**Criminal No.** 12-413 (FAB)

**ORDER**

BESOSA, District Judge.

    Before the Court is defendant Carlos Camacho-Santiago's motion for reconsideration of the Court's order denying his motion for acquittal and for a new trial.  (Docket No. 1632.)

    Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration.  See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule.") (internal citation omitted).  The First Circuit Court of Appeals has considered motions for reconsideration in criminal cases, however, and applied the same standard to them that is applied to motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  The Court follows the First Circuit's approach.

    Motions for reconsideration do "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to]

advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006) (internal quotation marks and citation omitted).  Rather, motions for reconsideration are appropriate in a limited number of circumstances, such as (1) where the movant presents newly discovered evidence; (2) where there has been an intervening change in the law; or (3) where the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.  Allen, 573 F.3d at 53 (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

Camacho asks the Court to reconsider its October 8, 2014, order denying his motion for a judgment of acquittal and for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33 ("Rule 29" and "Rule 33").  (Docket No. 1625.)  Camacho's motion for reconsideration does not point to any newly discovered evidence or an intervening change in the law.  See Allen, 573 F.3d at 53. Nor does the motion demonstrate that the Court's denial of Camacho's Rule 29 and 33 motion was clearly unjust or based on a manifest error of law.  See Allen, 573 F.3d at 53.  Rather, Camacho merely elaborates upon his previous arguments, tacking on some additional legal and factual analysis that was noticeably missing from his earlier motion, but that is not properly considered here. See Iverson, 452 F.3d at 104.  Because the Court has no grounds for

Criminal No. 12-413 (FAB)                                          3

reconsidering its prior order, Camacho's motion for reconsideration

is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 14, 2014.


                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE